UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL SCHNATTER,<br><br>    Plaintiff,<br><br>v.<br><br>LAKE COEUR D'ALENE CRUISES INC, AND HAGADON MARINE GROUP, IN PERSONAM; THE M/V COEUR D'ALENE OFFICIAL NUMBER 267868, HER ENGINES, MACHINERY, APPUTENANCES AND CARGO, IN REM,<br><br>    Defendant. | Case No. 2:24-cv-00635-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants' Motion to Dismiss Plaintiff Daniel Schnatter's "Seaman's Complaint." Dkt. 7. Defendants allege that because the site of the alleged injury—Lake Coeur d'Alene—is not a "navigable water" as defined by federal law, the Court lacks admiralty jurisdiction over the dispute and must dismiss. Schnatter opposes the Motion. Dkt. 10.

The Court held oral argument on December 2, 2025, and took the matter under advisement. Upon review, and for the reasons outlined below, the Court GRANTS Defendants' Motion to Dismiss. Furthermore, because this is not a case where federal jurisdiction exists or could exists, the Court's dismissal is without leave to amend.

MEMORANDUM DECISION AND ORDER – 1

## II. BACKGROUND

Schnatter was previously employed by Defendants as a senior deckhand. He worked on the M/V Coeur d'Alene—a 100-foot passenger vessel (official number 267868)—that offered pleasure cruises around Lake Coeur d'Alene. On August 14, 2024, Schnatter's shoulder was crushed and his ribs broken while mooring the vessel at the Coeur d'Alene Resort. Schnatter argues Defendants are liable for his injuries because the Capitan of the M/V Coeur d'Alene put the vessel into gear without looking where Schnatter was located and when the vessel listed to one side, it crushed him as he tried to tie off the boat lines to the dock.[1] Schnatter claims medical damages, lost wages, and punitive damages in unspecified amounts.

On December 31, 2024, Schnatter filed the instant "Seaman's Complaint In Rem and In Personam for Damages for Personal Injuries, Wages, Claim for Maintenance and Cure – All Without Payment of Costs, 28 U.S.C. § 1916" ("Complaint"). Dkt. 1. Schnatter does not list any specific causes of action in his Complaint. However, as noted, Schnatter claims he was injured "in navigable waters" while "mooring" a vessel at the Coeur d'Alene Resort. Dkt. 1, at 2–3. Based upon this, Schnatter claims the Court has jurisdiction—at law and at admiralty—pursuant to "28 U.S.C. § 1333; 46 U.S.C. §§ 2114, 30103, 30104 – the Jones Act; U.S. Const. Art. III, sec. 2, and the general maritime law." Dkt. 1, at 1.

On March 28, 2025, Defendants filed a Motion to Dismiss alleging Lake Coeur d'Alene does not qualify as a "navigable water," and thus, the Court lacks jurisdiction to

---

[1] Schnatter's Complaint is barebones. *See generally* Dkt. 1. The limited details the Court has included here are what it can glean from the Complaint and other documents in the record.

preside over this case. *See generally* Dkt. 7. Schnatter opposes the Motion. Dkt. 10. The Court held oral argument and has concluded it lacks jurisdiction and dismissal is appropriate.

### III. LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. *See Willy v. Coastal Corp.*, 503 U.S. 131, 136–137 (1992). Accordingly, the party asserting jurisdiction bears the burden of establishing that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When subject matter jurisdiction is challenged pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of persuasion. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

A party bringing a Rule 12(b)(1) challenge may do so by referring to the face of the pleadings or by presenting extrinsic evidence. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual . . . ."). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a defendant brings a factual attack to jurisdiction, "the plaintiff must support [his or] her jurisdictional allegations with competent proof, under the same evidentiary standard that governs in the summary judgment context." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir 2014) (cleaned up). That is, the plaintiff must prove "by a preponderance of the evidence that each of the requirements for subject-matter

MEMORANDUM DECISION AND ORDER – 3

jurisdiction has been met." *Id.*; *see also St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (stating that after a defendant launches a factual attack, it becomes "necessary for the [plaintiff] to present affidavits or other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction"). In resolving a factual attack on jurisdiction, the court need not presume the truthfulness of the plaintiff's allegations, and it may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.*

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (citing *Black v. Payne*, 591 F.2d 83, 86 (9th Cir.), cert. denied, 444 U.S. 867 (1979)). However, where there is an absolute bar to suit or where a plaintiff's claims cannot be redrafted to invoke jurisdiction, dismissal with prejudice is proper. *See id.*

### B. "Navigable Waters" for purposes of federal admiralty jurisdiction

"A cause of action sounding in tort is not cognizable under admiralty jurisdiction unless the alleged wrong occurs on navigable waters and bears a significant relationship to traditional maritime activity." *Adams v. Montana Power Co.*, 528 F.2d 437, 439 (9th Cir. 1975). "A waterway is navigable provided that it is used or susceptible of being used as an artery of commerce." *Id.* (*citing The Daniel Ball*, 77 U.S. (10 Wall.) 557 (1870). "[I]f the damming of a water-way has the practical effect of eliminating commercial maritime activity, no federal interest is served by the exercise of admiralty jurisdiction over the events transpiring on that body of water, whether or not it was originally navigable."

*Adams*, 528 F.2d at 440.

## IV. ANALYSIS

Schnatter brings his Complaint solely and exclusively pursuant to federal maritime law. Dkt. 1, ¶ 1. He expressly invokes 28 U.S.C. § 1333 ("Admiralty, maritime and prize cases"); 46 U.S.C. § 2114 ("Protection of seamen against discrimination"); 46 U.S.C. § 30103 ("Liability of master, mate, engineer, and pilot"); 46 U.S.C.§ 30104 ("Personal injury to or death of seamen"); U.S. Const. Art. III, sec. 2 ("The judicial power shall extend . . . to all cases of admiralty and maritime jurisdiction . . ."), and "the general maritime law." *Id*. Schnatter also relies on 28 U.S.C. § 1916 ("Seamen's suits") as a basis "to proceed without prepayment of costs or fees." *Id*. ¶ 3. Schnatter's Complaint does not invoke any other basis for jurisdiction, such as federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. In sum, Schnatter himself alleges this is exclusively a maritime case.

However, the undisputed facts establish this case is not subject to federal maritime law because the accident did not occur on "navigable waters." As a result, the Court lacks jurisdiction and must dismiss this case.

Schnatter contends the accident occurred at or near the Coeur d'Alene Resort. The Coeur d'Alene Resort is located on the north shores of Lake Coeur d'Alene. And Lake Coeur d'Alene lies fully within the State of Idaho. The Lake flows north into the Spokane River, which in turn flows west into the State of Washington. However, before reaching the state line, the flow of the Spokane is impeded by the Post Falls Dam. The Dam, which lies entirely in Idaho, completely obstructs continued boat passage. In other words, it is

impossible to travel by boat from Lake Coeur d'Alene into Washington.

Every Circuit to have addressed the issue has held a dam ends the question of navigability and, as a result, jurisdiction. *Tundidor v. Miami-Dade Cnty.*, 831 F.3d 1328, 1332 (11th Cir. 2016) ("Every circuit court to consider the issue has ruled that when artificial obstructions on a waterway block interstate commercial travel, the waterway cannot support admiralty jurisdiction." (collecting cases)).[2] Thus, Lake Coeur d'Alene is not a navigable water because it does not "form in [its] ordinary condition by [itself], or by uniting with other waters, a continued highway over which commerce is or may be carried on with other States or foreign countries in the customary modes in which such commerce is conducted by water." *Garrett*, 981 F.3d 739, 741 (9th Cir. 2020) (quoting *The Daniel Ball*, 77 U.S. (10 Wall.) 557, 19 L. Ed. 999 (1870)).

The Ninth Circuit's decision in *Adams* is one of the seminal cases on admiralty law jurisdiction. As already noted—and consistent with all other circuits—the Ninth Circuit has clearly held that, "if the damming of a water-way has the practical effect of eliminating commercial maritime activity, no federal interest is served by the exercise of admiralty jurisdiction over the events transpiring on that body of water . . . ." 528 F.2d at 440. This is so because "[n]o purpose is served by application of a uniform body of federal law, on waters devoid of trade and commerce, to regulate the activities and resolve the disputes of pleasure boaters. *Id*.[3]

---

[2] *See also LeBlanc v. Cleveland,* 198 F.3d 353, 359 (2d Cir. 1999); *Alford v. Appalachian Power Co.*, 951 F.2d 30, 33–34 (4th Cir. 1991); *Livingston v. United States,* 627 F.2d 165, 169–70 (8th Cir. 1980); *Chapman v. United States,* 575 F.2d 147, 149–51 (7th Cir. 1978); *Adams,* 528 F.2d at 440–41.
[3] There is a difference between whether a waterway is "navigable" for commerce clause purposes and "navigable" for admiralty jurisdiction purposes. For the former, the Ninth Circuit has held an artificial

Because the Post Falls Dam prevents commercial vessels from traveling in interstate commerce, Lake Coeur d'Alene is not "navigable" for purposes of federal admiralty jurisdiction.

Schnatter does not dispute the legal standard at issue, the facts about the Post Falls Dam, or any other material element of Defendants' Motion to Dismiss. He postures, however, that it "*may* be possible to travel by canoe from the Montana border on a tributary to St. Joe Lake [and] [f]rom there, the St. Joe River flows into Lake Coeur d'Alene." Dkt. 10, at 1.[4] The Court will briefly discuss this single argument Schnatter has put forth to defeat dismissal.[5]

That it "may" be "possible" to navigate onto Lake Coeur d'Alene via another state via some surface waterway is insufficient to rebuff Defendant's arguments. Because Defendants have challenged the Court's subject matter jurisdiction, it is Schnatter's burden to establish by a preponderance of the evidence that jurisdiction exists. *Leite*, 749 F.3d at 1121; *Indus. Tectonics*, 912 F.2d at 1092. Speculative language such as "may" will not suffice.

What's more, Schnatter's supporting documents—submitted to buttress the above

---

obstruction does not render a navigable river non-navigable and federal courts retain jurisdiction. *Adams*, 528 F.2d at 440. However, as explained, that is not the case for the later. If there is an obstruction rendering the waterway non-navigable, federal courts lack admiralty jurisdiction. *Id.*

[4] Schnatter recognizes the Ninth Circuit's holding in *Adams* but postures the Ninth Circuit "would have reached (and will reach?) a different result when dealing with Lake Coeur d'Alene." *Id*. at 3. This is pure speculation. The Court has not located any case that would suggest the result Schnatter desires.

[5] Schnatter also postures that the United States Coast Guard's presence on Lake Coeur d'Alene "suggest[s] a strong[] federal interest." *Id*. at 4. But the "suggestion" of a "strong federal interest"—whatever that may be—is not the same as federal jurisdiction. Again, this argument is thin on details and, more importantly, lacks any legal support.

MEMORANDUM DECISION AND ORDER – 7

conclusion as well as others—are largely inadmissible. Each of the documents submitted by the Defendants came from an official Government source[6] and are accurate and reliable.[7] And while this is a motion to dismiss, the Court can take notice of, and consider, these materials *without* converting the motion into a motion for summary judgment because Defendants attack on the Court's jurisdiction is factual. *See Safe Air for Everyone*, 373 F.3d at 1039 ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment").

Unfortunately, the same cannot be said of Schnatter's evidentiary submissions. By way of example, Schnatter's Exhibit 1 is purportedly a map of Northern Idaho which he claims supports his statement that it "may be possible to travel by canoe" from Montana to Lake Coeur d'Alene via the St. Joe River. Dkt. 10-1. The image, however, appears to be from the blog "NaughtyHiker," taken from the website "Wordpress.com," and uploaded via Pinterest. There is no description or explanation attached, and the image indicates it is subject to copyright. But setting aside these foundation and authenticity issues, the image itself does not actually show the St. Joe Lake or the St. Joe River.[8] Furthermore, Schnatter admitted at oral argument that he did not have a map, graphic, or any other evidence to

---

[6] The sole exhibits *not* from governmental sources are the areal Google Maps images.
[7] Notably, Schnatter does not object to any of Defendants' exhibits.
[8] Schnatter's remaining five exhibits fare no better. Exhibit 2 is a Wikipedia page. Exhibits 3 and 4 purport to be lists of navigable waters in Idaho. Exhibits 5 and 6 claim to be official Coast Guard forms. None of the documents, however, contain the hallmarks of credibility or authenticity. First, counsel did not attach these exhibits to any signed and/or sworn declaration; they were simply attached to his response brief. Second, each exhibit comes from unnamed and/or unattributable sources. Third, there is no explanation for the data itself or how it supports any argument in Schnatter's response brief.

support his theory that canoe travel from Montana to Lake Coeur d'Alene is possible. The Court, therefore, finds it cannot rely on any of Schnatter's supporting documents.

Schnatter readily concedes Lake Coeur d'Alene has not been navigable via the Spokane since the Post Falls Dam was built in 1906. Dkt. 10, at 2, 3. But he baldly asserts "[r]emoval of the Post Falls Dam will render it navigable again." Dkt. 10, at 5. That may be true. But the Court is not aware of any plans to remove the Dam, nor has Schnatter pointed to any.

In sum, Schnatter's hypothetical, speculative, and unsupported assertions that a canoe route from Montana to Lake Coeur d'Alene *may* be possible or that the Post Falls Dam *may* be removed cannot carry his burden of establishing navigability by a preponderance of the evidence.

## V. CONCLUSION

In this case, *Adams* requires present capability, not speculative opportunity, of a navigable waterway for commerce. None exists in this situation.

Because Lake Coeur d'Alene is not a navigable water for purposes of federal admiralty jurisdiction, the Court lacks the authority to preside over this case. There is no federal interest involved here. What's more, Schnatter cannot cure his Complaint by amendment because this is a legal conclusion. Federal jurisdiction does not and cannot exists. Thus, there is no need to allow amendment, and the matter is dismissed without leave to amend.[9]

---

[9] As discussed at oral argument, Schnatter is free to pursue remedies in Idaho state court should he so choose.

## VI. ORDER

1. Defendants' Motion to Dismiss (Dkt. 7) is GRANTED.

2. This case is CLOSED.

DATED: December 12, 2025

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 10